UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AMEZCUA,<br><br>        Plaintiff,<br><br>  v.<br><br>FRESNO CITY POLICE OFFICER BRYAN WILLIAMS, individually and in his official capacity,<br><br>        Defendant. | 1:07-cv-1268 OWW SMS<br><br>PRETRIAL ORDER<br><br>Motion in Limine Date:<br>2/27/09 12:15 Ctrm. 3<br><br>Trial Date: 3/3/09 9:00<br>Ctrm. 3 (JT-3 days) |

## I. JURISDICTION AND VENUE

1.  The parties agree that the jurisdiction or venue of this Court is proper.

## II. JURY/NON-JURY

1.  Both parties have demanded a jury trial estimated to take between two to three (2-3) days.

## III. FACTS

A.  **Undisputed Facts**

1.  Officer Bryan Williams was acting under color of law at all times.

2.  The incident giving rise to this litigation occurred on February 5, 2005, at about 11:15 p.m.

3.  Officer Bryan Williams was in full police uniform working with several other officers at a concert at the Selland Arena in Fresno.

4.  David Amezcua and his wife, Maria Amezcua, were attending the concert at the Selland Arena.

5.  The "Bulldog" gang is a notorious Hispanic gang in the Fresno area.

6.  "Bulldog" gang members frequently utilize a barking sound for recognition as membership in the gang.

B.  Disputed Facts

1.  Whether Officer Williams had probable cause to arrest Plaintiff.

2.  Whether Plaintiff was falsely arrested and imprisoned.

3.  Whether Officer Williams is entitled to qualified immunity.

4.  The nature and extent of Plaintiff's damages.

5.  Whether David Amezcua made sounds similar to those of a "Bulldog" gang member as he exited Selland Arena in the area of Officer Williams.

6.  Whether David Amezcua emitted a strong odor of alcoholic beverage when approached by Officer Williams.

7.  Whether David Amezcua's conduct was sufficient to cause a reasonable police officer to believe that he could be arrested for violation of California Penal Code § 647(f) or any other criminal violation.

8.  Whether David Amezcua suffered any damages.

IV.  DISPUTED EVIDENTIARY ISSUES

1.  Plaintiff anticipates a motion in limine to exclude the

2

recorded statement of Plaintiff in this action.  The recording was post Plaintiff's arrest and bears no issue on whether there was sufficient probable cause to arrest Plaintiff.

2.   Defendant does not anticipate any unusual evidentiary issues beyond those to be addressed in respective in limine motions.

## V.   SPECIAL FACTUAL INFORMATION

A.   <u>Plaintiffs.</u>

1.   Plaintiff was denied a preliminary alcohol screening test or field sobriety tests to determine whether he was in fact in violation of Penal Code § 647(f).  Plaintiff contends there was no probable cause to arrest him.

B.   <u>Defendant</u>

1.   With the elimination of all (Monell) claims against the City of Fresno, this action is narrowly limited to a single question of whether or not Officer Bryan Williams had probable cause to believe that David Amezcua was in violation of California Penal Code § 647(f) or any other criminal violation. There is no excessive force claim or any other tort basis for alleged liability.

## VI.   RELIEF SOUGHT

1.   Plaintiff:  Plaintiff seeks a verdict in his favor finding Defendant liable for violation of Plaintiff's Fourth Amendment claim for false arrest and imprisonment.

2.   Defendant:  As noted above, Plaintiff's claim is strictly limited to a Fourth Amendment allegation of unlawful seizure (e.g. "false arrest").  Depending on Plaintiff's position at trial, Defendant will be objecting to any attempt by Plaintiff

3

to seek damages arising out of any alleged delay in the adoption process of his child and/or any emotional distress or other damages remotely suffered by his wife, a non-party.

## VII.  DISPUTED ISSUES OF LAW

**A.  Plaintiffs**

1.  Plaintiff's claims that defendant falsely arrested and imprisoned Plaintiff during the course of this incident is analyzed under the Fourth Amendment and its reasonableness standard.  *Graham v. Connor* (1989) 490 U.S. 386.  The arrest by law enforcement officers should be considered in light of the totality of the circumstances.  (*Ibid.*)

**Qualified Immunity**

2.  In order to determine a defendant officer is entitled to qualified immunity, the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001) reaffirmed a two-step analysis. Plaintiff must first establish that the defendant's conduct violated a constitutional right.  *Saucier v. Katz, supra*, 533 U.S. at 201.  If a violation of a constitutional right is shown, then the court must determine whether the right was so clearly established at the time that a reasonable officer would have known that his or her conduct was unlawful.  *Id.* at 201-202. "The relevant and dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Saucier*, 533 U.S. at 202.  Whether the law was clearly established is a pure question of law for the court to decide.  *Carnell v. Grimm*, 74 F.3d 977, 978 (9th Cir. 1996).
///

**1**     **Punitive Damage Claim**

**2**     **3.**   **Plaintiff has made a claim for punitive damages against Officer Williams. Punitive damages are only proper under 42 U.S.C. § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent when it involves a reckless or callous indifference to federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983).**

**B.**   **Defendants**

    **1.**   **Initially, Defendant has not abandoned and continues to believe that Officer Williams is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 200-201, 121 S.Ct. 2151, 2156 (2001).**

    **2.**   **Defendant further maintains that Plaintiff retains the burden of establishing that Officer Williams did not have sufficient evidence to cause a reasonable police officer to conclude that Plaintiff had been engaged in criminal conduct (e.g. Public Intoxication). *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *John v. El Monte*, 515 F.3d 936, 940 (9th Cir. 2008).**

## VIII. ABANDONED ISSUES

    **1.**   **As noted above, Defendants were granted summary adjudication on all *Monell* claims and claims against the City of Fresno and Fresno Police Department. As such, the only remaining issue is the alleged "false arrest" and Officer Williams is the only remaining Defendant.**

**///**
**///**
**///**

## IX. WITNESSES

A. <u>Plaintiffs</u>

1. David Amezcua
   1413 West Oleander
   Fresno, California 93706

2. Officer Bryan Williams
   Fresno Police Department
   P. O. Box 1271
   Fresno, CA 93715-1271

3. Officer Jaime Campos
   Fresno Police Department
   P. O. Box 1271
   Fresno, CA 93715-1271

4. Linda Penner
   Chief Probation Officer - Fresno County
   1100 Van Ness Avenue
   Fresno, CA 93721

5. Beth Brandy
   Fresno County Personnel
   1100 Van Ness Avenue
   Fresno, CA 93721

6. Vaughn Hall
   Internal Affairs Investigator
   Fresno County Probation
   1100 Van Ness Avenue
   Fresno, CA 93721

7. Larry R. Price
   Chief Probation Officer - Fresno County
   1100 Van Ness Avenue
   Fresno, CA 93721

8. Rudy Diaz
   Supervising Juvenile Correctional Officer - Fresno Co.
   1100 Van Ness Avenue
   Fresno, CA 93721

9. Maria T. Amezcua
   1413 W. Oleander
   Fresno, CA

B. <u>Defendants</u>

Defendant expressly reserves the right to call any witness listed, but not called by Plaintiff, as well as any rebuttal witnesses not listed here.

1.   David Amezcua

2.   Officer Bryan Williams

3.   Officer Jaime Campos

4.   Vaughn Hall, Fresno County Probation

Counsel are each ordered to submit a list of witnesses to the court along with a copy for use by the Courtroom Deputy Clerk, on the same date and at the same time as the list of exhibits are to be submitted as ordered below.

**CAUTION**

Counsel are cautioned that expert witnesses, including percipient experts, must be designated as such. No witness, not identified as a witness in this order, including "rebuttal" witnesses, will be sworn or permitted to testify at trial.

## X.   EXHIBITS, SCHEDULES AND SUMMARIES

The following is a list of documents or other exhibits that the parties expect to offer at trial.

**CAUTION**

Only exhibits so listed will be permitted to be offered into evidence at trial, except as may be otherwise provided in this order. No exhibit not designated in this pretrial order shall be marked for identification or admitted into evidence at trial.

A.   **Plaintiff's Exhibits**

1.   Fresno Police Report #05-012065, completed by Officer Williams.

2.   Notice of Intended Order for Disciplinary Action.

3.   Internal Affairs Investigation #2005-0002 - Recorded Statement of David Amezcua.

4.   Internal Affairs Investigation #2005-0002 - Recorded

Statement of Bryan Williams.

    5.    Internal Affairs Investigation #2005-0002 - Recorded Statement of Brian Johnson.

    6.    Internal Affairs Investigation #2005-0002 - Recorded Statement of Jaime Campos.

    7.    Order for disciplinary action.

    8.    Letter from City of Fresno dated November 9, 2005.

    9.    Memorandum, dated February 7, 2005, by Beth Brady.

    10.    E-mail dated February 6, 2005, from Rudy Diaz to Ollie Dimery-Ratliff.

    11.    Summary of Internal Affairs Investigation Report dated March 19, 2005.

B.    <u>Defendant's Exhibits</u>

    1.    Fresno PD Reports of Incident.

    2.    Audio tape/transcript of incident.

    3.    Audio tape/transcript of Plaintiff's interview with Fresno Co. Probation.

    4.    Disposition of Fresno Co. Probation Administrative Investigation.

## XI.  DISCOVERY DOCUMENTS

Only specifically designated discovery requests and responses will be admitted into evidence.  Any deposition testimony shall be designated by page and line and such designations filed with the Court on or before February 13, 2009.  The opposing party shall counter-designate by line and page from the same deposition and shall file written objections to any question and answer designated by the opposing party and filed with the court on or before February 20, 2009.

Written discovery shall be identified by number of the request.  The proponent shall lodge the original discovery request and verified response with the courtroom deputy one day prior to trial.  The discovery request and response may either be read into evidence, or typed separately, marked as an exhibit, as part of the exhibit marking process, and offered into evidence.

   1.  With the exception of Plaintiff's Responses to Requests for Admission, the parties do not anticipate the introduction of any discovery documents other than the possible use of deposition transcripts to refresh the memory of a witness or for potential impeachment.

## XII.  STIPULATIONS

   1.  None.

## XIII.  AMENDMENTS - DISMISSALS

   1.  As noted above, all claims have been dismissed with the exception of the limited "false arrest" claim.  Similarly, all Defendants have been dismissed with the sole exception of Officer Bryan Williams.

## XIV.  FURTHER TRIAL PREPARATION

A.  <u>Trial Briefs.</u>

Counsel are directed to file a trial brief in this matter by February 17, 2009.  No extended preliminary statement of facts is required.  The brief should address disputed issues of substantive law, disputed evidentiary issues of law that will not be resolved <u>in limine</u>, and any other areas of dispute that will require resolution by reference to legal authority.

B.  <u>Duty of Counsel To Pre-Mark Exhibits</u>.

   1.  Counsel for the parties are ordered to meet and conduct

a joint exhibit conference on February 9, 2009, at 3:00 p.m. via telephone conference, for purposes of pre-marking and examining each other's exhibits and preparing an exhibit list. All joint exhibits will be pre-marked JX1-JX50; all of the plaintiff's exhibits will be pre-marked with numbers 51-100; all of defendant's exhibits will be pre-marked with numbers 101-200.

2. Each and every page of each and every exhibit shall be individually Bates-stamped for identification purposes, and paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . ..

3. Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

   a. Two (2) sets to be delivered to the Courtroom Deputy Clerk, Alice Timken, no later than 4:00 p.m. on February 27, 2009, an original for the court and one for the witness.

   b. One (1) set to be delivered to counsel for the opposing party and one (1) set to be available for counsel's own use.

4. Counsel are to confer to make the following determination as to each of the exhibits proposed to be introduced into evidence and prepare separate indexes, one listing joint exhibits, one listing each party's exhibits:

   a. Joint exhibits, i.e., any document which both sides desire to introduce into evidence, will be marked as a joint exhibit (JX), and numbered JX1-___. Joint exhibits shall be listed as such in the exhibit list in a column that notes they are admitted into evidence without further foundation;

  b. As to any exhibit, not a joint exhibit, to which there is no objection to its introduction into evidence, the exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's Exhibit ___ in evidence, and will be listed in the exhibit list as the exhibit of the offering party;

  c. The exhibit list shall include columns for noting objections to exhibits.  The first column will list any objections as to foundation; i.e., Plaintiff's Foundation 2 - "not authenticated."

  d. The exhibit list shall include a second column for noting substantive objections to exhibits based on any other grounds; i.e., "hearsay, improper opinion, irrelevant."

  e. The exhibit list shall include a description of each exhibit on the left-hand side of the page, and the three columns outlined above (as shown in the example below).

### List of Exhibits

| Exhibit # | Description | Admitted In Evidence | Objection To Foundation | Other Objection |
|---|---|---|---|---|
| | | | | |

  f. The completed exhibit list shall be delivered to the Courtroom Deputy Clerk on or before February 27, 2009, at 4:00 p.m., P.S.T.

  g. If originals of exhibits cannot be located, copies may be used, however, the copies <u>must be legible and accurate</u>. If any document is offered into evidence that is partially not legible, the Court <u>sua sponte</u> will exclude it from evidence.

C. <u>Discovery Documents</u>.

 1. Counsel shall file a list of discovery documents with the Courtroom Deputy Clerk at the same time and date as the

11

witness and exhibit lists are lodged with the Courtroom Deputy Clerk, unless the discovery documents are marked as exhibits, which counsel intend to use at trial by designating by number, the specific interrogatory, request for admission, or other discovery document.  Counsel shall comply with the directions of subsection XII (above) for introduction of the discovery document into evidence.

D.   **Motions In Limine**.

1.   The motions in limine shall be filed by February 10, 2009, and any responses shall be filed by February 20, 2009.  The Court will conduct a hearing on motions in limine in this matter on February 27, 2009, at 12:15 p.m. in Courtroom 3, Seventh Floor, before the Honorable Oliver W. Wanger United States District Judge, at which time all evidentiary objections, to the extent possible, will be ruled upon, and all other matters pertaining to the conduct of the trial will be settled.

E.   **Trial Documents**.

1.   **Exhibits To Be Used With Witness**.  During the trial of the case, it will be the obligation of counsel to provide opposing counsel not less than forty-eight hours before the witness is called to the witness stand, the name of the witness who will be called to testify and to identify to the Court and opposing counsel any exhibit which is to be introduced into evidence through such witness that has not previously been admitted by stipulation or court order or otherwise ruled upon, and to identify all exhibits and other material that will be referred to in questioning of each witness.  If evidentiary problems are anticipated, the parties must notify the court at

12

least twenty-four hours before the evidence will be presented.

F. <u>Counsel's Duty To Aid Court In Jury Voir Dire</u>.

    1.   Counsel shall submit proposed voir dire questions, if any, to the Courtroom Deputy Clerk at **atimken@caed.uscourts.gov** on or before February 27, 2009, at 4:00 p.m.  Counsel shall also prepare a joint "statement of the case" which shall be a neutral statement, describing the claims and defenses for prospective jurors, to be used in voir dire.

    2.   In order to aid the court in the proper voir dire examination of the prospective jurors, counsel are directed to lodge with the Court the day before trial a list of the prospective witnesses they expect to call if different from the list of witnesses contained in the Pre-Trial Order of the Court. Such list shall not only contain the names of the witnesses, but their business or home address to the extent known.  This does not excuse any failure to list all witnesses in the Pre-Trial Order.

    3.   Counsel proposes the following Joint Statement for use by the Court during voir dire:  This case involves a claim by the Plaintiff, David Amezcua, that he was falsely arrested by Defendant Fresno Police Officer Bryan Williams, for public intoxication as he was leaving a concert at the Selland Arena in Fresno on February 5, 2005.  While Plaintiff claims that he was not intoxicated, Officer Williams contends that Plaintiff's conduct was sufficient probable cause to believe that his arrest was proper.

G. <u>Counsel's Duty To Prepare And Submit Jury Instructions</u>.

    1.   All proposed jury instructions shall be filed and

13

served on or before March 2, 2009, by 4:00 p.m.  Jury instructions shall be submitted in the following format.

    2.   Proposed jury instructions, including verdict forms, shall be submitted via e-mail to dpell@caed.uscourts.gov formatted in WordPerfect for Windows 10.  Counsel shall be informed on all legal issues involved in the case.

    3.   The parties are required to jointly submit one set of agreed upon jury instructions.  To accomplish this, the parties shall serve their proposed instructions upon the other fourteen days prior to trial.  The parties shall then meet, confer, and submit to the Court the Friday before the trial is to commence, one complete set of agreed-upon jury instructions.

    4.   If the parties cannot agree upon any instruction, they shall submit a supplemental set of instructions designated as not agreed upon by March 2, 2009, at 4:00 p.m.

    5.   Each party shall file with the jury instructions any objection to non-agreed upon instructions proposed by any other party.  All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety.  The objection should specifically set forth the objectionable matter in the proposed instruction and shall include a citation to legal authority explaining the grounds for the objection and why the instruction is improper.  A concise statement of argument concerning the instruction may be included.  Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

    6.   <u>Format</u>.  The parties shall submit one copy of each instruction.  The copy shall indicate the party submitting the

instruction, the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the test of the instruction, the legal authority supporting the instruction, and a legend in the lower lefthand corner of the instruction: "Given," "Given As Modified," "Withdrawn" and "Refused" showing the Court's action with regard to each instruction and an initial line for the judge's initial in the lower right-hand corner of the instruction.  Ninth Circuit Model Jury Instructions should be used where the subject of the instruction is covered by a model instruction.

    7.   All instruction should be short, concise, understandable, and neutral statements of the law.  Argumentative or formula instructions will not be given, and should not be submitted.

    8.   Parties shall, by italics or underlining, designate any modifications of instructions from statutory authority, or any pattern instruction such as the Model Circuit Jury Instructions or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

    9.   Proposed verdict forms shall be jointly submitted or if the verdict forms are unagreed upon, each party shall submit a proposed verdict form.  Verdict forms shall be submitted to the Courtroom Deputy Clerk on the first day of the trial.

    10.   Failure to comply with these rules concerning the preparation and submission of instructions and verdict forms may subject the non-complying party and/or its attorneys to sanctions.

15

## XV. USE OF LAPTOP COMPUTERS/POWERPOINT FOR PRESENTATION OF EVIDENCE

1.  If counsel intends to use a laptop computer for presentation of evidence, they shall <u>contact Alice Timken, Courtroom Deputy Clerk, at least one week prior to trial</u>.  The Courtroom Deputy Clerk will arrange a time for any attorney to bring any laptop to be presented to someone from the Court's Information Technology Department, who will provide brief training on how the parties' electronic equipment interacts with the court's audio/visual equipment.  If counsel intend to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

2.  ALL ISSUES CONCERNING AUDIO-VISUAL MATERIALS AND COMPUTER INTERFACE WITH THE COURT'S INFORMATION TECHNOLOGY SHALL BE REFERRED TO THE COURTROOM DEPUTY CLERK.

## XVI.  FURTHER DISCOVERY OR MOTIONS

1.  The parties do not anticipate any discovery or other motions with the possible exception of in limine motions.

## XVII.  SETTLEMENT

1.  Settlement efforts have been exhausted.

## XVIII.  SEPARATE TRIAL OF ISSUES

1.  In the event of any punitive damages, the amount shall be tried in a separate phase, in a continuous trial with the same jury after liability, the amount of compensatory damages, and the right to punitive damages, if any, have been established.

## XIX. IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS

1.  None.

///

**XX.   ATTORNEYS' FEES**

1.   Plaintiff seeks to recover attorney's fees pursuant to 42 U.S.C. § 1988.

**XXI.   ESTIMATE OF TRIAL TIME**

1.   3 days.

**XXII.   TRIAL DATE**

1.   March 3, 2009, 9:00 a.m., Courtroom 3, Seventh Floor. In the event that Courtroom 3 is double tracking trials, this case will be set during the afternoon track, 12:30 p.m. to 4:45 p.m.

**XXIII.   NUMBER OF JURORS AND PEREMPTORY CHALLENGES**

1.   Eight person jury, four peremptory challenges per side.

**XXIV.   AMENDMENT OF FINAL PRETRIAL ORDER**

1.   The Final Pretrial Order shall be reviewed by the parties and any corrections, additions, and deletions shall be drawn to the attention of the Court immediately.  Otherwise, the Final Pretrial Order may only be amended or modified to prevent manifest injustice pursuant to the provisions of Fed. R. Civ. P. 16(e).

**XXV.   MISCELLANEOUS**

1.   None.

IT IS SO ORDERED.

**Dated:   February 2, 2009**            /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE