1  Bruce D. Praet SBN 119430
   FERGUSON, PRAET & SHERMAN
2  A Professional Corporation
   1631 East 18th Street
3  Santa Ana, California  92705
   (714) 953-5300
4  (714) 953-1143 FAX
   bpraet@aol.com

6  Attorneys for Defendants

9           UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA

12 DAREN AMEZCUA                          ) No. 1:07-CV-01268-OWW (SMS)
                                          )
13        Plaintiff,                      )
                                          ) **ORDER COMPELLING**
14   vs.                                  ) **COUNTY OF FRESNO TO**
                                          ) **PRODUCE TAPE**
15 CITY OF FRESNO, FRESNO POLICE          )
   DEPARTMENT, FRESNO POLICE OFFICER      )
16 BRYAN WILLIAMS, individually and in his)
   official capacity, and DOES 1 through 100,)
17 inclusive,                             )
                                          )
18        Defendants.                     )
                                          )
19 _____)

20      On February 5, 2009, Defendant, Officer Bryan Williams, specially brought a

21 motion to compel the County of Fresno, a non-party, to produce a tape recording of a

22 contemporaneous verbal exchange between Plaintiff, David Amezcua, and Defendant,

23 Officer Bryan Williams, on the date of the incident giving rise to this litigation.

24 Telephonic appearances having been made by Attorney Juan Falcon for the Plaintiff,

25 Attorney Bruce Praet for Defendant and Attorney Arthur Wille for the County of Fresno

26 and the Court having considered the arguments of all parties and counsel, THE COURT

27 FINDS:

28 / / /

1

1. That because the tape recording was originated by the Fresno Police Department and thereafter provided to the County of Fresno, the tape is not privileged personnel material as defined in *California Penal Code § 832.8*. The mere fact that the County later included the tape in Plaintiff's personnel file does not render the tape privileged. [See: *POST v. Superior Court, 42 Cal.4th 278, 291 (2007)*]

2, That even if the tape was to be considered privileged, its content is so overwhelmingly relevant and material to the issues presented in this matter that any privilege is outweighed. Moreover, by placing his condition and conduct at issue in this litigation, the Court finds that Plaintiff has waived any claim of privilege.

3. With regard to any timeliness of discovery, the Court finds that Defendant served the County of Fresno with a timely subpoena duces tecum on or about August 27, 2008, (prior to the discovery cut-off date) seeking, *inter alia*, the tape at issue in this motion. Moreover, Plaintiff was provided with a copy of a transcript of the content of the tape not only from his employer, but during the course of discovery in this action and has incurred no prejudice by the production of the actual tape at this time.

GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED:

1. The County of Fresno shall forthwith provide Defendant with the authenticated original tape recording of any exchange between Plaintiff and Defendant as recorded on February 5, 2005. Defendant shall make a true and correct copy of such tape and provide it forthwith to counsel for Plaintiff.

2. In the event that the original tape is entered into evidence in this proceeding, Defendant shall provide the Court with a true and correct copy of the original tape at the conclusion of trial. Defendant will thereafter return the original tape to the County of Fresno which will retain it pending exhaustion of any appeals, if applicable.

IT IS SO ORDERED.

**Dated:   February 5, 2009**              /s/ Oliver W. Wanger
                                                              UNITED STATES DISTRICT JUDGE